SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAR 0 6 2025

ARTHUR JOHNSTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 3:25-cr-24-CWR-LGI

ERIK SEL CAMACHO-LARA

**AGREED PRELIMINARY ORDER OF FORFEITURE**

Pursuant to a separate Plea Agreement and Plea Supplement between the Defendant, **ERIK SEL CAMACHO-LARA**, by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter "Government"), Defendant agrees that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1. The Defendant is fully aware of the consequences of having agreed to forfeit to the Government all his right, title, and interest in and to the hereinafter-described property, having been apprised of such by his attorney and by this Court; and has freely, voluntarily, and irrevocably, with knowledge of the consequences, agreed to forfeit such property.

2. The Defendant agrees that the following property (the "**Subject Property**"):

| ASSET ID | Property Description |
|---|---|
| TBD | One (1) SCCY Industries Pistol, Model CPX-1, CAL: 9mm, Serial No. 321346 |
| | Five (5) Rounds of Ammunition, CAL: 9mm |

was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in the Indictment [10] (possession of a firearm by an alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(8)). Such property is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

3. The Defendant admits that the conduct giving rise to forfeiture occurred on or about January 13, 2025, and therefore, the United States's interest in the Subject Property vested as of that date, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

4. The Defendant acknowledges that he has been advised that forfeiture is mandatory for violations of 18 U.S.C. §§ 922(g)(5) and 924(a)(8). He further acknowledges that he has been apprised of the requirements of Rule 32.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 982. The Defendant, by execution of this agreed order, consents that this preliminary order as to the Subject Property identified herein should be final as described in Rule 32.2(4)(A) prior to sentencing. Likewise, the Defendant agrees that sufficient notice of the forfeiture has been provided, and that Defendant is aware that the forfeiture is final as to the Subject Property identified herein upon entry of this order regardless of whether this forfeiture order is discussed or orally pronounced at sentencing. The Defendant and his attorney further agree that the Court should enter this Order immediately and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless of whether ordered or orally pronounced at that proceeding and/or whether attached as a part of the said "Judgment in a Criminal Case." Moreover, should the forfeiture of the Subject Property herein fail to be entered in the Judgment, as required, the same shall be considered a clerical error, which may be remedied at any time by an amended judgment under Rule 36.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

 a. That the Defendant shall forfeit the **Subject Property** to the United States.

 b. The Court has determined, based on the Defendant's Plea Agreement, Plea Supplement, and the Factual Basis recited into the record, that the **Subject Property** is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C.

2

      § 2461(c), that the Defendant had an interest in such property, and that the Government has established the requisite nexus between such property and such offense.

c.   The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

d.   The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the **Subject Property**. Fed. R. Crim. P. 32.2(b)(6).

e.   Any person, other than the above-named Defendant, asserting a legal interest in the **Subject Property** may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the **Subject Property**, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

f.   Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Agreed Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing [or before sentencing if the Defendant consents] and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

g. Any petition filed by a third party asserting an interest in the **Subject Property** shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the **Subject Property**, the time and circumstances of the petitioner's acquisition of the right, title or interest in the **Subject Property**, any additional facts supporting the petitioner's claim, standing to assert the claim, and the relief sought. The United States shall retain all rights to question the standing of a claimant using Special Interrogatories and as otherwise prescribed by Fed. R. Crim. P. 32.2.

h. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues. Fed. R. Crim. P. 32.2(c)(1)(B).

i. The United States shall have clear title to the **Subject Property** following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

(*signature page follows*)

SO ORDERED AND ADJUDGED this 6th day of March 2025.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
SAMUEL PHILIP GOFF
Assistant United States Attorney

_____
ERIK CAMACHO-LARA
Defendant

_____
ABBY BRUMLEY EDWARDS
Attorney for Defendant

_____
INTERPRETER
Cesar E. Vazquez

5